Per Curiam.

Petitioner urges that his confinement is illegal because he was arrested without a warrant. Under the law of Ohio, a warrant is not essential to a valid arrest.
Section 2935.04, Revised Code, provides as follows:
“When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable *30 cause to believe is guilty of the offense, and detain him until a warrant can be obtained.”
Petitioner contends also that he was not informed of why he was arrested or the authority by which he was arrested, contrary to the provisions of Section 2935.07, Revised Code. Assuming this to be a matter of fact, it did not invalidate petitioner’s conviction.
The validity of a defendant’s conviction is dependent upon the jurisdiction of the trial court, and such jurisdiction is invoked by a valid indictment and does not depend upon the validity of the process by which an accused is taken into custody.
It is well settled that even if an arrest is illegal it does not amount to a denial of due process and does not, after conviction, furnish grounds for a release by habeas corpus. Commonwealth, ex rel. Garrison, v. Burke, 378 Pa., 344; Hovey v. Warden, 215 Md., 612; and Spence v. Warden, 204 Md., 661.
■ Petitioner contends next that he is illegally confined because he was not picked from a lineup. The purpose of a lineup is purely a matter of identification of the guilty party. There is no requirement in the law that one accused of a crime must be placed with a group of persons and selected therefrom as the guilty party by witnesses. People v. Hood, 140 Cal. App. (2d), 585; People v. Fort, 14 Ill. (2d), 491; People v. Matthews, 359 Ill., 171; and People v. Crenshaw, 15 Ill. (2d), 458. This contention relates to a matter of evidence only and is a question which may not be raised in an action in habeas corpus, since the claimed irregularity was of a nonjurisdictional nature. See In re Winslow, 91 Ohio St., 328, and Spence v. Sacks, Warden, 173 Ohio St., 419.
The petitioner alleges also that his indictment stated that the crime for which he was convicted occurred on the 16th day of March and produced a letter from a chief of police, stating that petitioner was in jail on the 15th of March. The copy of the indictment in the petitioner’s jacket at the penitentiary recites that the crime occurred on the 15th of March. Even if there was a mistake as to the time of the offense it would not affect the indictment. Under the statute (Section 2941.08, Revised Code), a misstatement of the time of the offense does not invalidate the indictment. The indictment in the present case was clearly valid.
*31 Petitioner urges, however, that he could not be guilty of the crime because he was in jail at the time of its commission. This is a question relating to evidence, bearing on the guilt or innocence of the petitioner, which cannot be raised in an action in habeas corpus. In re Poage, 87 Ohio St., 72; Rodriguez v. Sacks, Warden, 173 Ohio St., 456; and Spence v. Sacks, Warden, supra.
The questions raised by petitioner all' relate to claimed irregularities in the proceedings and evidence, matters which are not for habeas corpus but which may be urged only on appeal.
Petitioner has shown no lack of jurisdiction in the trial-court nor any deprivation of his constitutional rights.

Petitioner remanded to custody. ■

Weygandt, C. J., Zimmerman, Taft, Matthias, 0 ’Neill and Griffith, JJ., concur.
Herbert, J., not participating.